MH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Guadalupe Hernandez Santiago,<br>Petitioner,<br>v.<br>Pamela Bondi, *et al.*,<br>Respondents. | No.   CV-25-04584-PHX-JJT (JZB)<br><br>**ORDER** |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 challenging her immigration detention. (Doc. 1.)[1] In a December 9, 2025 Order ("the OSC"), the Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 6.) Respondents responded to the OSC. (Doc. 8.) For the reasons that follow, the Petition is granted, and Respondents must either release Petitioner from custody or provide her a bond hearing within seven days.

**I.   Background**

Petitioner is a citizen of Mexico who entered the United States in 2006 "and has resided here ever since." (Doc. 1 at 2.) On November 5, 2025, Petitioner was arrested by Immigration and Customs Enforcement (ICE) and placed in removal proceedings pursuant to § 240 of the Immigration and Nationality Act (INA). (Doc. 8 at 7.) ICE determined that Petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). (Doc. 1

---

[1] Petitioner also filed a motion for temporary restraining order and preliminary injunction. (Doc. 2.) Because the Court issued an Order to Show Cause, the motion for injunctive relief was denied without prejudice.

at 7.) Petitioner requested a custody redetermination before an Immigration Judge, but her request was denied on the ground that the Immigration Court lacked jurisdiction under *Matter of Yajure Hurtado*. (*Id.*)

Petitioner alleges that detention without a bond hearing is violative of INA § 236, her due process rights, the Administrative Procedure Act, and the Suspension Clause. (Doc. 1 at 7-8.) Petitioner requests release from custody or an order directing Respondents to provide her a bond hearing under 8 U.S.C. § 1226. In the OSC, the Court found that Petitioner is likely a class member entitled to a bond hearing pursuant to *Bautista*. (Doc. 4 at 1-2.) (Doc. 6 at 1.)

## II. Analysis—Interpretation of 8 U.S.C. § 1225 and 8 U.S.C. § 1226

A district court in the Central District of California recently certified a class that may include Petitioner. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025). The court issued an earlier decision—consistent with other district courts, including this Court—concluding that individuals in Petitioner's position (those who entered the United States decades ago) are not subject to mandatory detention. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025). Respondents argue Petitioner's claim in this action should be dismissed or stayed under the first-in-time rule because her claim is already being litigated in the *Bautista* class action. But Respondents acknowledge the first-in-time rule is permissive, not mandatory, and because no relief has been definitively ordered in *Bautista*, the Court finds the interests of justice do not support a stay or dismissal. The Court will proceed to the merits of Petitioner's claim.

As to the merits, nothing in Respondents' brief persuades the Court that the preliminary conclusion in the OSC is mistaken. *See also Quinapanta v. Bondi*, 2025 WL 3157867, *6 (W.D. Wisc. Nov. 12, 2025) ("[M]ore than 45 district courts have now rejected similar arguments made by respondents here and ordered bond hearings for noncitizens who, like petitioner, were apprehended within the United States years after entering without admission or inspection unless implicated by any criminal activity

covered by § 1226(c). These decisions, along with a growing number of others, including this Court, have concluded that the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades support its application to noncitizens in petitioner's position.") (cleaned up). The Petition is granted as to Count One,[2] and Petitioner must receive a bond hearing under 8 U.S.C. § 1226(a).

**IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted as to Count One**. The remainder of the Petition is **denied** as moot.

2. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or release her from custody under the same conditions that existed before her detention.

3. Respondents must provide a notice of compliance within **two days** of releasing Petitioner or providing her a bond hearing.

4. All pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 18th day of December, 2025.

Honorable John J. Tuchi
United States District Judge

---

[2] Because the Court grants relief as to Count One, it will deny the remainder of the Petition as moot.